**UNITED STATES of America, Appellee,**

v.

**Russell Eugene VINCENT, Appellant.**

**No. 89–2188.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1990.

Decided April 3, 1990.

---

Stephen H. Gilmore, St. Louis, Mo., for appellant.

Raymond M. Meyer, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellant Russell Vincent appeals from a jury verdict finding him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to the provisions of 18 U.S.C. § 924(e)(1), Vincent was sentenced to incarceration for fifteen years, without the possibility of probation or parole, to be followed by a three-year period of supervised release. On appeal, Vincent challenges the imposition of the fifteen-year sentence, the admission of his post-arrest statement, and the constitutionality of 18 U.S.C. § 924(e)(1). After careful review, we affirm the decision of the district court.

On March 25, 1988, St. Louis Police narcotics detectives conducted a search of Vincent's residence pursuant to a search warrant. During the search, the officers encountered a locked bedroom closet door. Vincent removed a key from his pocket and gave it to one of the officers who then unlocked the door. Inside the closet on an upper shelf, a loaded revolver and live ammunition were found.[1] After being placed under arrest and read his *Miranda* rights, Vincent admitted the weapon was his. Once at police headquarters, Vincent made a written statement, again asserting that the weapon belonged to him.

A subsequent examination of the revolver revealed that the gun was in proper working order and had travelled in interstate commerce. Vincent had two prior felony convictions for manslaughter and a third conviction for possession of narcotics.

At trial, Vincent's defense was that the gun belonged to his wife. Vincent's daughter testified that the recovered weapon belonged to her mother and that at the time

---

**1.** During oral argument the question was raised whether an adequate showing had been made that Vincent possessed the weapon. While Vincent did not specifically raise the issue, we have considered it and conclude that Vincent had constructive possession of the weapon. The gun was located in Vincent's locked bedroom closet and Vincent carried a key to that closet on his person. These facts sufficiently establish that Vincent knowingly had "ownership, dominion or control over the [gun] itself, or dominion over the premises in which the [gun was] concealed." *United States v. Patterson*, 886 F.2d 217, 219 (8th Cir.1989); *United States v. Matra*, 841 F.2d 837, 841 (8th Cir.1988).

of the arrest, the police threatened to take her mother to jail if Vincent did not admit to owning the gun. Also presented was the testimony of Clair Jean Vincent, Vincent's wife, who testified that the weapon was hers and that Vincent claimed the gun as his own in order to protect her from going to jail.

▮ Vincent first argues on appeal that the indictment was invalid because it was based on inadequate and incomplete evidence. Specifically, Vincent argues that the government failed to inform the grand jury that the weapon had not been fired, that the weapon was located in a residence in a high crime neighborhood, that Vincent's wife used the weapon for her own protection, and that there existed the possibility that Vincent would receive an enhanced sentenced. According to Vincent, had the grand jury been aware of these facts, it would not have returned the indictment against him.

It is well established that an indictment returned by a legally constituted and unbiased grand jury "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974). The government is "normally not under a duty to disclose exculpatory evidence to the grand jury." *United States v. Bucci*, 839 F.2d 825, 831 (1st Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988). Furthermore, "at least some errors, defects, irregularities or variances attending the grand jury proceeding may be rendered harmless by the verdict of the petit jury." *Id.* at 831–32. *See also United States v. Mechanik*, 475 U.S. 66, 70–71, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1986). We find Vincent's argument to be without merit.

▮ Vincent next argues that the district court improperly admitted evidence of a written statement in which he admitted ownership of the firearm. The statement is a reduction to writing of a verbal statement made by Vincent at his residence when the gun was discovered. Vincent argues that the statement should have been excluded because it was not made voluntarily. On appeal, Vincent argues that the statement was coerced by the mere presence of seven or eight police officers, and because the officers threatened to take Vincent's sick wife to jail if he failed to confess.

Although Vincent challenged the admission of the written statement by alleging that it was made without the proper *Miranda* protection, he alleges for the first time on appeal that the statement was a product of police coercion. "Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice." *United States v. Meeks*, 857 F.2d 1201, 1203 (8th Cir.1988).

Admission of the confession in this case will not result in a miscarriage of justice. Even if we were to consider the issue as preserved on appeal and apply a totality of the circumstances analysis, *see Russell v. Jones*, 886 F.2d 149, 151 (8th Cir.1989), we do not find that the conduct of the law enforcement officials was sufficient to "overbear [Vincent's] will to resist and bring about confessions not freely self-determined." *Rogers v. Richmond*, 365 U.S. 534, 544, 81 S.Ct. 735, 741, 5 L.Ed.2d 760 (1961). The district court had the opportunity to consider the testimony of the police officers and Vincent's wife and daughter with respect to Vincent's defense that the weapon belonged to his wife and not him. Based on the verdict, the jury apparently credited the officers' testimony that Vincent freely admitted to ownership of the gun. We cannot say that this factual finding was clearly erroneous.

▮ Finally, Vincent argues that 18 U.S.C. § 924(e)(1)[2], the provision under

---

**2.** 18 U.S.C. § 924(e)(1) provides:
In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section

922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000

which his penalty was enhanced, unconstitutionally violates his due process and equal protection rights. He argues that the enhancement provision unconstitutionally invades the province of the trial judge in the exercise of his sentencing discretion and improperly singles out certain defendants and treats them differently than other convicted felons.

We find Vincent's argument to be without merit. The identical issues raised by Vincent were before the court and rejected in *United States v. McClinton*, 815 F.2d 1242, 1244–45 (8th Cir.1987)[3] and we refrain from repeating those arguments here.

Based on the foregoing discussion, the judgment of the district court is affirmed.

---

and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

**3.** In *United States v. McClinton*, 815 F.2d 1242 (8th Cir.1987), the court considered the constitutionality of 18 U.S.C. app. § 1202(a)(1). The provisions formerly contained in section 1202(a)(1) were recodified at 18 U.S.C. § 924(e)(1), the statute at issue in the instant case.