932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold C. MARTIN, Defendant-Appellant.
 No. 90-2290.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 8, 1991.
 
 Before WOOD, JR., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Harold C. Martin pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1), and to one count of distributing marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Martin to a term of fifteen years in prison. Martin appeals from this sentence.
 
 
 2
 Martin first argues that he had his civil rights restored under state law, and therefore is not a convicted felon for purposes of the enhancement penalty provision of 18 U.S.C. Secs. 922(g) and 924(e). Martin bases his argument on Ill.Rev.Stat. ch. 38 p 1005-5-5, which provides for automatic restoration of certain civil rights, and on 18 U.S.C. Sec. 921(a)(20), which excludes from the definition of "conviction" any conviction for which a person has had civil rights restored. Martin failed to raise this argument before the district court, and therefore waives review of the issue on appeal. See United States v. Lewis, 896 F.2d 246, 249 (7th Cir.1990). In any event, our decision in United States v. Erwin, 902 F.2d 510 (7th Cir.), cert. denied, 111 S.Ct. 161 (1990), disposes of Martin's argument. Illinois still considers Martin to be a convicted felon--he has no right to carry guns, so Martin remains one under Sec. 921(a)(20), and is subject to the enhanced penalty of Sec. 924(e). See Erwin, 902 F.2d at 512.
 
 
 3
 Martin next argues that Sec. 924(e)'s mandatory minimum sentence of fifteen years' imprisonment deprives him of due process under the Fifth Amendment, because it strips judges of sentencing discretion. We rejected this argument in United States v. Pinto, 875 F.2d 143 (7th Cir.1989), and United States v. Ebbole, 917 F.2d 1495 (7th Cir.1990), and do so again here. See also United States v. Vincent, 901 F.2d 97, 100 (8th Cir.1990) (citing United States v. McClinton, 815 F.2d 1242, 1244-45 (8th Cir.1987)).
 
 
 4
 Martin finally argues that the fifteen-year mandatory minimum sentence constitutes cruel and unusual punishment under the Eighth Amendment, because his previous convictions were for nonviolent, commercial burglaries that occurred over eighteen years ago. For Sec. 924(e) enhancement purposes, nonviolent, commercial burglaries count, United States v. Taylor, 110 S.Ct. 2143, 2158 (1990); see United States v. Gallman, 907 F.2d 639, 644 (7th Cir.1990), cert. denied, 111 S.Ct. 1110 (1991), but their age does not, see United States v. Karlin, 852 F.2d 968, 973 (7th Cir.1988), cert. denied, 489 U.S. 1021 (1989); United States v. Preston, 910 F.2d 81, 89 (3d Cir.1990), cert. denied, 111 S.Ct. 1002 (1991).
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record