19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Raymond CASTNER, Defendant-Appellant.
 No. 93-6016.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Raymond Castner, a federal prisoner, appeals the sentence imposed following his guilty plea to one count of transporting a stolen motor vehicle in interstate commerce, one count of being a felon in possession of a firearm, and one count of transporting a stolen firearm in interstate commerce. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Both parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 20, 1991, Castner was charged in a superseding indictment with the three counts described above. He pleaded guilty to those charges on February 22, 1993. The district court sentenced Castner on July 12, 1993, to 210 months in prison and 5 years of supervised release. This sentence was based upon a total offense level of 30 and a criminal history category of VI. Castner was also sentenced in accordance with the Armed Career Criminal Act (ACCA or "the Act"), 18 U.S.C. Sec. 924(e)(1), which required a minimum sentence of 180 months.
 
 
 3
 Castner raises two issues on appeal: (1) the ACCA is impermissibly vague and violates the Due Process Clause, and (2) judicial imposition of a life sentence pursuant to the ACCA violates the constitutional principle of separation of powers and represents the exercise of legislative power by the judiciary. Castner is represented by counsel in this appeal.
 
 
 4
 Upon careful consideration, we affirm the district court's judgment because the ACCA, under which Castner was sentenced, is not unconstitutional under any of the theories advanced by Castner. Castner's sentence, which falls within the applicable Sentencing Guideline range, is nonetheless appealable because of his claim that it was imposed in violation of law. 18 U.S.C. Sec. 3742(a)(1); United States v. Nichols, 979 F.2d 402, 409 (6th Cir.1992), cert. granted in part, 114 S.Ct. 39 (1993). This court reviews questions of law, including a challenge to a sentence on constitutional grounds, de novo. United States v. Knipp, 963 F.2d 839, 842 (6th Cir.1992).
 
 
 5
 Castner first argues that the Act's lack of a maximum prison term renders it unconstitutionally vague, thus violating the Due Process Clause. Although they have generally attacked different aspects of the statute, other due process challenges to the ACCA have been rejected by the courts. See United States v. Sanders, 990 F.2d 582, 584 (10th Cir.) ("strict liability" sentence enhancement does not violate due process), cert. denied, 114 S.Ct. 216 (1993); United States v. Vincent, 901 F.2d 97, 99-100 (8th Cir.1990) (enhancement provision does not unconstitutionally invade province of trial judge or single out certain defendants for different treatment); United States v. Dombrowski, 877 F.2d 520, 526 (7th Cir.1989) (mandatory minimum sentencing does not violate due process), cert. denied, 496 U.S. 907 (1990). In addition, at least one circuit has found the Act to survive a "void for vagueness" argument, which specifically related to when the Act should be applied, rather than the range of penalties involved. See United States v. Argo, 925 F.2d 1133, 1134-35 (9th Cir.1991).
 
 
 6
 Although we have not found a case directly on point, the unanimous opinion of the circuit courts that the Act unambiguously sets a maximum penalty of life in prison constitutes an implicit rejection of Castner's position. Every circuit that has considered the question (including this one) has found that, in light of the plain language of the statute and its legislative history, the ACCA provides for prison sentences ranging from fifteen years to life. See United States v. Joshua, 976 F.2d 844, 850 (3d Cir.1992) (collecting cases); United States v. Fields, 923 F.2d 358, 362 (5th Cir.), cert. denied, 111 S.Ct. 2066 (1991); United States v. Wolak, 923 F.2d 1193, 1199 (6th Cir.), cert. denied, 111 S.Ct. 2824 (1991); United States v. Tisdale, 921 F.2d 1095, 1100 (10th Cir.1990), cert. denied, 112 S.Ct. 596 (1991). The rule of lenity does not proscribe the imposition of a life sentence under the ACCA, even though no maximum penalty is explicitly stated. United States v. Bland, 961 F.2d 123, 128 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). Thus, we cannot say that the Act is unconstitutionally vague.
 
 
 7
 Nor does the ACCA represent an unconstitutional delegation of legislative power to the courts. See generally Mistretta v. United States, 488 U.S. 361, 374, 396-97 (1989) (the federal sentencing guidelines represent neither an unconstitutional delegation of legislative power nor a violation of the principle of separation of powers); United States v. Baker, 850 F.2d 1365, 1372-73 (9th Cir.1988) (the ACCA is not an invalid legislative infringement of the judicial branch in violation of the separation of powers doctrine); Walberg v. United States, 763 F.2d 143, 148 (2d Cir.1985) (statute providing for special parole terms, but not setting maximum term, did not represent an impermissible delegation of legislative power to the courts).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.