**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eddie L. JONES, Defendant–Appellant.**

**No. 01–3595.**

United States Court of Appeals,
Sixth Circuit.

Dec. 2, 2002.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

OPINION

GIBBONS, Circuit Judge.

Defendant Eddie L. Jones pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Jones to fifteen years incarceration pursuant to the Armed Career Criminal Act ("ACCA"), which imposes a mandatory minimum fifteen-year sentence upon a felon in possession of a firearm who has at least three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). Jones appeals his fifteen-year sentence, claiming that the ACCA is unconstitutional as applied to him because it inherently conflicts with the United States Sentencing Guidelines. For the reasons set forth below, we affirm the sentence imposed by the district court.

**I.**

On November 18, 1999, the Cleveland Police Department arrested defendant Eddie Jones, who was a suspect in a stolen wallet case. Upon searching Jones, the police found that he was in possession of a .22 caliber revolver. Based on Jones's prior felony record, on May 30, 2000, a federal grand jury returned a one-count indictment charging Jones with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a felon to be in possession of a firearm.

On July 7, 2000, Jones was released from custody. On July 18, 2000, the district court issued an arrest warrant for Jones for violating the terms of his pretrial release. United States Marshals arrested Jones on July 19, 2000, and found that he was in possession of a fully loaded .32 caliber revolver. On July 26, 2000, the grand jury returned a superseding indictment charging Jones with two counts of being a felon in possession of a firearm.

On January 2, 2001, the government filed an information giving notice that if Jones was found guilty of either count of the superseding indictment, the government intended to invoke the mandatory minimum sentencing provision of the ACCA based on Jones's three previous violent felony convictions. Jones's prior violent felony convictions include a June 2, 1983, conviction for one count of aggravated burglary, a separate June 2, 1983, conviction for eight counts of aggravated burglary involving eight different victims on eight different occasions, and a September 29, 1989, conviction for robbery.

On January 3, 2001, Jones pled guilty to both counts of the superseding indictment without a plea agreement. The presen-

tence investigative report, prepared by the United States Probation Office, concluded that Jones should be sentenced to the minimum fifteen years pursuant to the ACCA. The report found that, but for the ACCA, the Sentencing Guideline range for Jones would be 135 to 168 months.

Jones filed a motion for downward departure in which he argued that the ACCA's fifteen-year mandatory minimum sentence was against the spirit of the Sentencing Guidelines and unconstitutional as applied to him. On May 15, 2001, the district court denied Jones's motion for downward departure and sentenced Jones in accordance with the ACCA to fifteen years incarceration with three years supervised release to follow. Jones filed a timely notice of appeal on May 23, 2001.

## II.

The ACCA provides that a person who is a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and who has "three previous convictions ... for a violent felony ... committed on occasions different from one another ... shall be ... imprisoned for not less than fifteen years." 18 U.S.C. § 924(e)(1). When the ACCA applies, the defendant must be sentenced to at least fifteen years, even if the otherwise applicable sentence under the Sentencing Guidelines is less than fifteen years. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").[1] The Sentencing Guidelines and the ACCA "operate as largely independent mechanisms." and factors otherwise relevant to calculating a sentence under the Sentencing Guidelines

are not relevant when the ACCA's mandatory minimum sentence applies. *United States v. Burke*, 237 F.3d 741, 745 & n. 2 (6th Cir.2001), *cert. denied*, 532 U.S. 1072, 121 S.Ct. 2230, 150 L.Ed.2d 221 (2001) (holding that downward departures otherwise available under the Sentencing Guidelines are not available to reduce a sentence below fifteen years when the ACCA applies); *see also United States v. Moreno*, 933 F.2d 362, 373 (6th Cir.1991) (holding that the general rule under the Sentencing Guidelines of not considering felony convictions more than fifteen years in the past is not relevant when applying the ACCA's mandatory minimum sentence).

■ Interpreting the ACCA, this court has held that "offenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and that convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." *United States v. Brady*, 988 F.2d 664, 669 (6th Cir.1993) (en banc). Furthermore, as opposed to the otherwise applicable Sentencing Guidelines, "the relevant factor for determining the number of predicate offenses under the ACCA is not the date of conviction for those predicate offenses, but the date that the defendant committed the offense for which he is subsequently convicted." *United States v. Roach*, 958 F.2d 679, 683 (6th Cir.1992) (holding that three convictions on the same date can constitute three separate predicate offenses under the ACCA even when the three offenses were not punctuated by intervening convictions). In addition, whether the offenses were consolidated for sentencing is imma-

---

1. If the otherwise applicable sentence under the Sentencing Guidelines is more than fif-

teen years, then the ACCA is not implicated.

terial to counting predicate offenses under the ACCA, even though such consolidation orders may be relevant under the otherwise applicable Sentencing Guidelines. *United States v. Warren,* 973 F.2d 1304, 1310 (6th Cir.1992).

Before Jones pled guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), he had at least three previous convictions for violent felonies committed on occasions different from one another. Jones does not contest this fact. Therefore, the district court properly sentenced Jones pursuant to the ACCA.

■ Jones argues that applying the ACCA to him was unconstitutional. Jones asserts that applying the ACCA violates his rights to due process and equal protection because the ACCA disregards the proportionate sentencing and fairness achieved by the Sentencing Guidelines. In particular, Jones complains because application of the ACCA in his case resulted in a longer sentence than he would have received under the Sentencing Guidelines absent the ACCA. Jones argues that applying the ACCA to him is particularly egregious because of the nature of his three qualifying offenses, which Jones asserts are relatively minor compared to the more serious predicate offenses committed by some other defendants to whom the same fifteen-year sentence applies. Jones claims that under the typical application of the Sentencing Guidelines, his separate June 2, 1983, convictions would be considered "related," but that under the ACCA, these convictions are considered separate predicate offenses because they were based on crimes "committed on occasions different from one another." 18 U.S.C. § 924(e). In addition, Jones notes that while the Sentencing Guidelines do not count prior felonies if the sentence was imposed more than fifteen years prior to the defendant's committing the instant offense, the ACCA has no such time period limitations. Jones also complains because, contrary to the otherwise applicable Sentencing Guidelines, the ACCA does not allow for downward departures below fifteen years.

While Jones points out policy-based criticism of the ACCA from several sources, Jones has not cited any authority upon which to hold the ACCA unconstitutional. Jones summarily invokes the Equal Protection Clause and the Due Process Clause, but he does not adequately explain how he has been inappropriately treated unequally or denied any due process. The gravamen of Jones's appeal is that defendants such as himself who qualify for sentencing under the ACCA are treated more harshly than defendants sentenced under the otherwise applicable Sentencing Guidelines.

Several circuits, including the Sixth, have dealt with similar challenges to the constitutionality of the ACCA, and all have found it to be constitutional. *See, e.g., United States v. Warren,* 973 F.2d 1304, 1311 (6th Cir.1992) (finding that application of the ACCA does not constitute cruel and unusual punishment in violation of the Constitution even though defendant would have received a much shorter sentence but for the ACCA); *United States v. Stokes,* 292 F.3d 964, 968 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 398, 154 L.Ed.2d 321 (2002) (holding that the ACCA does not violate due process or equal protection rights); *U.S. v. Vincent,* 901 F.2d 97, 100 (8th Cir.1990) (concluding that the ACCA does not violate a defendant's rights to due process or equal protection by treating defendants who qualify for sentencing under the ACCA differently than defendants sentenced according to the otherwise applicable Sentencing Guidelines).

In accordance with this precedent, we find that the ACCA is constitutional as applied to Jones.

## III.

For all the reasons set forth above, we affirm the sentence imposed by the district court.