**UNITED STATES of America, Plaintiff,**

v.

**Larry L. DUDLEY, Defendant.**

**No. 91–40017–01.**

United States District Court, D. Kansas.

Dec. 2, 1991.

Lee Thompson, U.S. Atty., Gregory G. Hough, Asst. U.S. Atty., for plaintiff.

Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Larry L. Dudley's motion to dismiss Counts Three through Six of the twelve count indictment. On June 3, 1991, the court held this motion in abeyance pending a ruling on the defendant's mental competency. On November 18, 1991, the court ruled the defendant is competent to stand trial. The court is now prepared to rule on the defendant's motion to dismiss certain counts of the indictment.

■ Counts One, Three, and Five of the indictment charge the defendant, on three separate days,

> in connection with his acquisition of a firearm, to-wit: a RG, RG–14, .22 caliber revolver, serial number Z100399, from Capitol City Pawn Shop, Inc., Topeka, Kansas, a licensed dealer, knowingly made a false and fictitious written statement to Capitol City Pawn Shop, Inc., Topeka, Kansas, which statement was likely to deceive Capitol City Pawn Shop, Inc., Topeka, Kansas, as to a fact material to the lawfulness of such sale or acquisition of said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented he had not been convicted in a court of a crime punishable by imprisonment for a term exceeding one year....

The defendant contends he made identical false statements in writing to identical questions, which should be charged as one, not three separate criminal acts. The false statements, however, were allegedly made on three separate occasions to retrieve the pawned weapon yet another time. The defendant "republished" the false statement each time he submitted the forms to retrieve the gun. *United States v. Jordan,* 890 F.2d 247 (10th Cir.1989). Thus, Counts One, Three, and Five of the indictment are not multiplicitous and will not be dismissed.

■ Defendant also contends the crimes charged in Counts Two, Four, and Six are multiplicitous because they charge him with the same conduct. These counts charge the defendant, on three separate occasions,

> having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, to-wit: a RG, RG–14, .22 caliber revolver, serial number Z100399, which had been shipped or transported in interstate commerce, in violation of Title 18, United

States Code, Sections 922(g)(1), and 924(a)(2).

The defendant contends he had a continuing possessory interest in the weapon evidenced by the fact he retrieved it each time it was pawned.

In *United States v. Jones*, 533 F.2d 1387, 1391 (6th Cir.1976), *cert. denied* 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977), the court stated, "Possession is a course of conduct, not an act; by prohibiting possession [of a firearm] Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm." While the defendant did, in fact, reacquire possession of the firearm each time he pawned it, the nature of such a transaction does not require the defendant to retrieve the firearm. The continuing possessory interest in a pawned item is too tenuous to constitute the level of dominion contemplated for possession. The court finds the defendant relinquished possession each time he pawned the firearm. Therefore, Counts Two, Four, and Six charge separate criminal acts and are not multiplicitous.

IT IS BY THE COURT THEREFORE ORDERED that defendant Larry Dudley's motion to dismiss Counts Three through Six of the indictment is denied (doc. 6).