**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James H. WARREN, Defendant–Appellant.**

**No. 91–6070.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 14, 1992.
Decided Sept. 2, 1992.

Joseph M. Whittle, U.S. Atty., Randy W. Ream, Asst. U.S. Atty. (briefed), Terry Cushing, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Louisville, Ky., for plaintiff-appellee.

James Warren, pro se. Dana R. Kolter, Louisville, Ky. (argued and briefed), for defendant-appellant.

Before: MERRITT, Chief Judge; MILBURN and GUY, Circuit Judges.

MILBURN, Circuit Judge.

Defendant James Henry Warren appeals the district court's judgment based upon his being convicted by a jury of three firearms-related offenses and his sentence under the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The indictment contained three counts. Count

One charged defendant with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g), Count Two charged him with receiving the firearm in violation of 18 U.S.C. § 922(g), and Count Three charged him with making a false statement about his criminal past on the Alcohol, Tobacco and Firearms (ATF) Form 4473 in violation of 18 U.S.C. § 922(a)(6). On appeal, the issues are: (1) whether sufficient evidence exists to support the convictions on all three counts of the indictment, (2) whether defendant's right to a speedy trial was violated, (3) whether a two-level increase for obstruction of justice based on perjurious testimony at trial was appropriate under United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1, (4) whether defendant's 1970 convictions met the standards of *Boykin v. Alabama,* (5) whether defendant's 1970 convictions were properly counted as violent felonies under the Armed Career Criminal Act, (6) whether defendant's sentence on October 13, 1970, was for three separate violent felony convictions for the purposes of the Armed Career Criminal Act, (7) whether the district court erred in replacing a missing juror with a duly selected alternate juror, and (8) whether defendant's mandatory fifteen-year sentence under the Armed Career Criminal Act is cruel and unusual punishment in violation of the Eighth Amendment. For the reasons that follow, we affirm.

## I.

On October 6, 1990, a .25 caliber Excam pistol was pawned at Stan's Pawn Shop in Louisville, Kentucky. The pawncard that memorialized the transaction bore the signature and thumbprint of defendant Warren, according to handwriting and fingerprint experts who testified at the trial. Two pawnshop employees testified that persons pawning firearms were required to show picture identification of themselves when pawning or redeeming a firearm. Pawnshop employees also introduced records that the pistol was redeemed on October 12, 1990, by defendant. In order to redeem the pistol, defendant was required to complete and sign ATF Form

4473, Section 8B of which asks the question, "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" The pawnshop employee who handled the redemption transaction, Phillip Montgomery, testified that he did not write the word "no" in section 8B. None of the pawnshop personnel remembered this particular transaction, and none could visually identify defendant as the person who pawned or redeemed the pistol.

Defendant Warren testified that he pawned the pistol for a friend, John Williams, who accompanied him to the pawnshop. Defendant insisted that he never actually handled the weapon but admitted signing the ATF Form 4473, although he denied having read it and having answered any of the questions on it. The gist of his testimony was that he merely aided a friend, also a convicted felon, who could not pawn the pistol himself because he lacked the requisite picture identification.

John Williams was then called by the defense as a hostile witness. He denied pawning the firearm in question or having anything to do with it. He testified that defendant had telephoned him and asked him to testify falsely that he had been in the pawnshop with defendant and that he, not defendant, was the principal in the pawn transaction. Williams also produced two identifications, each bearing his photograph.

On June 20, 1991, the jury found defendant guilty on all three counts of the indictment. Thereafter, the district court held a sentencing hearing on August 29, 1991, and sentenced defendant to fifteen years imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e). This timely appeal followed.

## II.

### A.

■ Defendant Warren argues that his right to a speedy trial was violated even though his trial commenced within the 70-day period provided by the Speedy Trial

Act, 18 U.S.C. § 3161, *et seq.* The parties agree that the speedy trial time did not expire until June 13, 1991, and that the trial started on June 7, 1991, when the court conducted voir dire, selected a jury, and the government made its opening statement. The trial was recessed until June 17, 1991, because the judge was required to attend the Sixth Circuit Judicial Conference. Apparently the judge's wife became ill and was hospitalized during that conference, and the reconvening of the trial was delayed for that reason for another two days. The trial recommenced on June 19, 1991. Defendant filed a motion to dismiss on speedy trial grounds, and the motion was overruled by the court. The jury's verdict was returned on June 20, 1991.

Defendant agrees that a trial is considered to have begun when the voir dire process begins. *United States v. Scaife,* 749 F.2d 338, 343 (6th Cir.1984); *United States v. Richmond,* 735 F.2d 208, 211 (6th Cir.1984). A district court, however,

> may not attempt to evade the spirit of the Act by conducting *voir dire* within the statutory time limits and then ordering a prolonged recess with an intent to pay mere "lip service" to the Act's requirements.

*Scaife,* 749 F.2d at 343.

The facts in *Scaife* are almost identical to those in this case. In *Scaife,* the district court selected a jury within the speedy trial time, then recessed so he could attend the Sixth Circuit Judicial Conference. This court noted that the district judge is required by both statute, 28 U.S.C. § 333, and court rule, Rule 16(a) of the Rules of the Sixth Circuit, to attend the judicial conference. Under those circumstances, we held that a recess required for the judge to attend the Sixth Circuit Judicial Conference is not made with any intent to evade the requirements of the Speedy Trial Act. *Scaife* controls this case and requires a finding that there was no attempt by the district court to manipulate the require-

ments of the Speedy Trial Act. The trial was in fact commenced on time, and defendant's challenge must fail.

■ Defendant also argues that the government used the trial recess for an oppressive purpose when the government in argument to the jury stated:

> I gave my opening argument, tomorrow it will be two weeks ago. The truth hasn't changed since I gave you the original opening argument. The defendant waited to hear our witnesses before coming up with his version of the truth yesterday. But I submit to you I have proven the case against James Henry Warren that I told you I would prove two weeks ago.

(Trial Transcript, Volume III, page 6, lines 18 through 23).[1]

The argument of the prosecuting attorney is nothing more than fair comment on defendant's reservation of his opening statement and his allegedly concocted testimony that he had merely assisted John Williams in the pawning of Williams' pistol. This is the kind of thrust and parry customary in jury argument. It had little or nothing to do with the period of recess in this trial, for the argument could have been made had there been no recess.

Finally, defendant, in a single sentence, asserts that he was denied a speedy trial under the Constitution. The only case cited by the defendant in support of this proposition is *United States v. Herman,* 576 F.2d 1139 (5th Cir.1978), a case in which the Fifth Circuit affirmed a conviction despite a delay of fifteen months which the court found to be prejudicial. Defendant's reliance on *Herman* is misplaced, and the facts of this case clearly show that defendant was not denied a speedy trial under the Sixth Amendment to the United States Constitution.

**B.**

■ Defendant next contends that the proof in this case was insufficient to sup-

---

1. Defendant has failed to number the pages of the joint appendix and references thereto are

impossible.

port his convictions. When insufficiency of the evidence is alleged as a ground for appeal, we determine "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gallo,* 763 F.2d 1504, 1518 (6th Cir.1985), *cert. denied,* 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

Counts 1 and 2 of the indictment charged defendant with possessing and receiving a firearm in violation of 18 U.S.C. § 922(g). As to these counts, the evidence showed that defendant's fingerprint was on the pawncard made out at the time defendant pawned the pistol and that his signature appeared on the ATF Form 4473 he was required to execute upon redeeming the pistol. Contrary to defendant's assertions, this evidence, together with the testimony of the pawnshop personnel concerning their record keeping routines, is sufficient evidence that defendant was the person who pawned and redeemed the pistol. Moreover, John Williams' testimony to the effect that defendant solicited him to commit perjury indicates consciousness of guilt on defendant's part. Viewed in the light most favorable to the government, there is ample evidence in this case that a rational trier of fact could rely on to convict.

As to Count 3, which charges that defendant made a false statement on ATF Form 4473, defendant argues that there was no evidence introduced to show that he wrote the word "no" in response to question 8B. The jury in this case could rationally have inferred defendant's guilt because he admitted signing the ATF Form 4473 in question. Further, the pawnshop personnel testified that they required picture identification during all firearms transactions, and the clerk who handled the redemption denied writing the word "no" on the form. Defendant's denials of guilt were unconvincing especially in light of the testimony of John Williams. Viewed in the light most favorable to the prosecution, there is ample evidence to support the conclusion that it was defendant who wrote the word "no" on the ATF Form 4473.

## C.

■ Defendant further argues that the district court erred when it impaneled an alternate juror due to the temporary absence of a regular member of the panel. It appears that on June 19, 1991, one of the jurors informed the court that he had to appear in state court to answer certain charges. The court replaced him with an alternate juror over the objection of the defendant.

In *United States v. Ellenbogen,* 365 F.2d 982, 989 (2d Cir.1966), *cert. denied,* 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795 (1967), the Second Circuit affirmed a conviction under similar circumstances.

Appellant asserts that it was error for the trial judge to excuse, with appellant's consent, a juror who became ill during the course of the trial, and to replace the juror with an alternate. The substitution of an alternate for a juror for reasonable cause is within the prerogative of the trial court and does not require the consent of any party. A party claiming to be injured by such action is entitled to a new trial only on a clear showing of prejudice to him. In the present case the appellant has failed to show any injury or prejudice whatever. This court will not presume prejudice without some plain showing to that effect....

(Citations omitted). *See United States v. Houlihan,* 332 F.2d 8, 13 (2d Cir.), *cert. denied,* 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 and 379 U.S. 859, 85 S.Ct. 115, 13 L.Ed.2d 61 (1964); *United States v. Woodner,* 317 F.2d 649, 652 (2d Cir.), *cert. denied,* 375 U.S. 903, 84 S.Ct. 192, 11 L.Ed.2d 144 (1963).

There has been no showing of prejudice whatever by the defendant in this case, and the substitution of the alternate juror for a member of the original jury panel in this case is nothing more than an illustration of the wisdom of selecting alternate jurors. Accordingly, we join the Second Circuit in holding that the substitution of an alter-

nate juror for a regular juror for reasonable cause is within the prerogatives of the trial court and does not require the consent of any party.

### D.

Defendant next argues that the district court erred in assessing a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. Under 18 U.S.C. § 3742(e), this court must "accept the findings of fact of the district court unless they are clearly erroneous and ... give due deference to the district court's application of the guidelines to the facts."

Defendant's argument is moot because the district court did not base defendant's sentence on his offense level or criminal history category. Instead, the district court gave defendant the mandatory sentence required by the Armed Career Criminal Act, 18 U.S.C. § 924(e), as required by U.S.S.G. § 5G1.1(b), which substitutes statutorily required minimum sentences for guideline sentences if the former are greater.

■ Even were this issue not moot, defendant's argument that this court should abandon its decision in *United States v. Acosta–Cazares*, 878 F.2d 945 (6th Cir.), *cert. denied*, 493 U.S. 899, 110 S.Ct. 255, 107 L.Ed.2d 204 (1989), in favor of a case from the Fourth Circuit, *United States v. Dunnigan*, 944 F.2d 178 (4th Cir.1991), *cert. granted*, —— U.S. ——, 112 S.Ct. 2272, 119 L.Ed.2d 199 (1992), is rejected. One panel of this court cannot overrule the decision of a prior panel of this court. *Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 689 (6th Cir.1985). Moreover, we note that the Fourth Circuit's decision in *Dunnigan* is in conflict with decisions of the First, Second, Eighth, Ninth, Tenth, and Eleventh Circuits which have held that a defendant's right to testify is not a license to commit perjury. The Fourth Circuit seemed to find section 3C1.1 unconstitutional because "it placed an intolerable burden upon the defendant's right to testify in his own behalf." *Dunnigan*, 944 F.2d at 185. However, our decision in *Acosta–Cazares* to the contrary is in harmony with the rule in six other federal circuits.

### E.

■ In 1970 defendant was convicted of three separate violent felonies involving willful murder, malicious shooting and wounding, and armed robbery. Defendant argues that these convictions were not shown to comply with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), insofar as that case requires a showing that a defendant's guilty pleas were knowingly made after a voluntary waiver of his rights. The government introduced certified copies of the convictions in question and supplemented them with an affidavit from the sentencing judge, the Honorable John P. Hayes, which stated that it was his practice to insure that a defendant's plea was made freely and voluntarily and that the defendant was aware of the charges against him. The district court, noting that defendant had been represented by experienced trial counsel, accepted the affidavit of Judge Hayes and ruled that the three Kentucky convictions could be counted as predicate offenses for purposes of sentencing under the Armed Career Criminal Act.

In *United States v. Brown*, 899 F.2d 677, 679–80 (7th Cir.1990), the Seventh Circuit rejected a *Boykin* challenge to the use of a defendant's prior convictions and quoted at length from *United States v. Dickens*, 879 F.2d 410, 411–12 (8th Cir.1989), as follows:

> When a prior conviction is a number of years old and there is no transcript of the taking of the plea, "evidence of the trial court's practice is precisely the evidence which the government will have at its disposal." *United States v. Goodheim*, 686 F.2d 776, 777 (9th Cir. 1982). We previously have recognized the validity of relying on evidence of the custom and practice of trial attorneys and judges to refute allegations of procedural infirmities.

■ The government met its burden of proving that defendant's 1970 felony convictions had not resulted from a violation

of any of defendant's *Boykin* rights. We hold that once the government adduces documentary evidence that a defendant properly waived his rights, the burden shifts to the defendant to prove "that his convictions were in fact not constitutionally sound." *United States v. Taylor*, 882 F.2d 1018, 1031 (6th Cir.1989), *cert. denied*, 496 U.S. 907, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990). In this case, defendant did not testify at sentencing, did not execute an affidavit in opposition to the one filed by Judge Hayes, and submitted no evidence to show that his pleas were not entered following the voluntary and intelligent waiver of all his applicable constitutional rights.

Defendant's reliance on *United States v. Pricepaul*, 540 F.2d 417, 420 (9th Cir.1976), is misplaced. In *Pricepaul*, the Ninth Circuit rejected the proposition that the record of a defendant's prior conviction must contain on its face direct evidence that he voluntarily and intelligently waived his *Boykin* rights and allowed proof of validity of the plea by extraneous means. In this case, defendant's prior convictions were properly admitted into evidence and were properly used by the district court to sentence defendant as an armed career criminal.

### F.

■ Defendant next argues that the district court erred in counting the 1970 convictions against defendant for purposes of sentencing him under the Armed Career Criminal Act because in 1970 the laws of Kentucky did not criminalize possession of a firearm by a felon and the Kentucky Constitution guaranteed citizens the right to bear arms. Defendant reasons that his civil rights have been "restored" within the meaning of 18 U.S.C. § 921(a)(20)[2] because after his 1970 convictions, and until 1975 when Kentucky made criminal the possession of firearms by convicted felons, defendant could lawfully have possessed a firearm. Thus, defendant argues that his civil rights were somehow "restored" by operation of the Kentucky Constitution's guarantee of the right to bear arms.

This argument is specious. Unlike the situations in the cases cited by defendant, *United States v. Cassidy*, 899 F.2d 543 (6th Cir.1990), and *United States v. Dahms*, 938 F.2d 131 (9th Cir.1991), Kentucky does not restore civil rights to convicted felons by statute. By statute, Kentucky provides that a prisoner's civil rights may be restored by "an act of the governor." K.R.S. § 439.356. Even if defendant may have been able to possess a firearm for some period of time following his 1970 convictions, such would not act as a restoration of civil rights within the meaning of 18 U.S.C. § 921(a)(20).

### G.

Defendant also argues that the three Kentucky felony offenses for which he was sentenced on October 13, 1970, should have been considered as a single conviction. United States Sentencing Guideline § 4A1.2, comment. n. 3, directs that multiple cases should be counted as one for purposes of determining defendant's *criminal history category* if the cases "were consolidated for trial or sentencing." Defendant, however, was not sentenced by reference to the Guidelines sentencing table, and his criminal history category was not even computed under the Guidelines because U.S.S.G. § 5G1.1(b) provides that statutorily required minimum sentences are to be imposed in lieu of sentences calculated under the Guidelines sentencing table.

■ Under 18 U.S.C. § 924(e)(1), the test for separate offenses is whether they were "committed on occasions different from one another...." It is immaterial that the offenses were consolidated for sentencing. The district court found as a fact that all three of defendant's 1970 convictions were committed on separate occasions, and defendant does not dispute that finding.

**2.** 18 U.S.C. § 921(a)(20) provides in relevant part: "Any conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter...."

In *Taylor,* 882 F.2d at 1029, an armed career criminal challenged his sentence on the grounds that several of his prior sentences were not based on separate predicate convictions under § 924(e). This court recognized that burglaries of different structures on different dates were "committed on occasions different from one another" and were therefore properly counted as predicate convictions for purposes of the Armed Career Criminal Act. Defendant's argument on this issue is without merit.

### H.

 Finally, defendant argues that his fifteen-year sentence under 18 U.S.C. § 924(e) is so disproportionate to his crime as to constitute cruel and unusual punishment within the meaning of the Eighth Amendment. He relies on *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983), in which the Supreme Court held that

> a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

Defendant's argument is to the effect that he would only have received a one to five-year sentence had he been convicted of the instant firearm offenses under Kentucky law. Therefore, he reasons, the fifteen-year federal sentence is disproportionate.

Unfortunately for defendant, the Supreme Court has recently revised the proportionality test of *Solem* and, in a plurality opinion, held that

> the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.

*Harmelin v. Michigan,* — U.S. —, —, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991). Chief Justice Rehnquist and Justice Scalia favored overruling *Solem's* proportionality requirement altogether.

This court has held that sentences under the Armed Career Criminal Act are not cruel and unusual. *United States v. Pedigo,* 879 F.2d 1315, 1320 (6th Cir.1989). Defendant's fifteen-year sentence is not an extreme sentence, nor is it grossly disproportionate to the series of crimes that earned it for him.

### III.

For the reasons stated, the judgment of the district court is AFFIRMED in all respects.