25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sean PHILLIPS, Defendant-Appellant.
 No. 93-5995.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1994.
 
 Before: MERRITT, Chief Judge; and MILBURN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Sean Phillips appeals his conviction for using or carrying a firearm in relation to a drug offense, possession with intent to distribute dilaudid (hydromorphone). Phillips argues that the conviction is not supported by sufficient evidence and that he was denied the effective assistance of counsel. We affirm.
 
 I.
 
 2
 On June 7, 1992, Officer Hawkins of the Memphis Police Department responded to a complaint of a disturbance at a park in Memphis, Tennessee. Hawkins worked his way through crowds at the park until he found the complainant, who pointed to a nearby group and expressed his suspicion that at least one in the group was armed. Hawkins noticed Phillips hide something behind the seat of a convertible pickup truck. Hawkins went to the truck, some fifteen feet away, and observed the butt of a rifle behind the seat. Hawkins ordered Phillips to exit the truck. Phillips then tried to escape on foot, but was caught by Hawkins. When other officers arrived on the scene, Hawkins returned to the pickup and retrieved a .30 caliber M-1 semiautomatic carbine from the rear seat area. As officers handcuffed Phillips, he struggled, dropped a small bottle containing 25 dosage units of dilaudid and tried to kick the bottle under the truck. Officers later searched the truck more completely, recovering a loaded .22 caliber revolver and two clips of .30 caliber ammunition. They also found a pager on Phillips's person.
 
 
 3
 On February 1, 1993, Phillips was found guilty of possession with intent to distribute dilaudid, in violation of 21 U.S.C. Sec. 841(a)(1), and carrying or using a firearm (the M-1 carbine) in relation to a drug offense, in violation of 18 U.S.C. Sec. 924(c)(1). On April 30, 1993, Phillips obtained new counsel for purposes of sentencing and appeal. On June 21, 1993, the district court sentenced Phillips to consecutive terms of imprisonment of 21 months for the drug conviction and 120 months for the firearm conviction.
 
 II.
 
 4
 1. Sufficiency of the evidence.
 
 
 5
 Phillips challenges the sufficiency of the evidence supporting his Sec. 924(c)(1) firearm conviction. In evaluating this claim, we must "determine 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Warren, 973 F.2d 1304, 1308 (6th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We "will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and ... this rule applies whether the evidence is direct or wholly circumstantial." United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984). The evidence need not exclude every reasonable hypothesis except that of guilt. United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992). Furthermore, we give the government the benefit of all reasonable inferences drawn from the evidence, including circumstantial evidence. United States v. Davis, 981 F.2d 906, 908 (6th Cir.1992), cert. denied, 113 S.Ct. 2361 (1993).
 
 
 6
 Section 924(c)(1) provides that "[w]hoever, during and in relation to any ... drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years." Sufficient evidence supports Phillips's Sec. 924(c)(1) conviction because a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. First, a jury could infer that Phillips, while possessing dilaudid with intent to distribute, "used or carried" the M-1 carbine because it could conclude that Phillips had control over the weapon before he pushed it "between the seat and the bed" of the truck. See United States v. Poindexter, 942 F.2d 354, 362 (6th Cir.) ("Use' and 'carry' have been broadly construed to cover the [situation in which a defendant has] ... ready access to a firearm in a place where drug trafficking occurs."), cert. denied, 112 S.Ct. 615 (1991).
 
 
 7
 A jury could also infer that there was "some relationship between the firearm the defendant possessed and the predicate drug trafficking offense," United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990), based on evidence indicating that, until Phillips stowed the M-1 carbine in the pickup, he carried it and drugs on his person. This evidence "support[s] the inference that the gun was used to protect the defendant's unlawful possession of drugs that he intended to distribute in the future." United States v. Bruce, 939 F.2d 1053, 1056 (D.C.Cir.1991); see United States v. Hill, 967 F.2d 902, 906-07 (3d Cir.1992) (hidden, unloaded, and disassembled rifle used in relation to underlying possession with intent to distribute drugs, even where there was no ammunition on premises, where the rifle was easily accessible and immediately proximal to drugs); United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991) (handgun used in relation to underlying possession with intent to distribute drugs where the gun was closely proximal to drugs); cf. Brown, 915 F.2d at 226.[1]
 
 
 8
 Phillips relies on Bruce, 939 F.2d at 1055, which reasoned that Congress enacted Sec. 924(c)(1) as a vehicle for punishing the "use [of] a gun in relation to a drug trafficking crime" but not the mere "possess[ion of] a gun with the intent to use it in relation to a drug trafficking crime." In Bruce, the evidence did not support the inference that a small gun found in a closet was being used to protect the possession of drugs that were also in the closet, but merely showed that the defendant possessed a gun intended for use in a subsequent distribution. Id. at 1055-56. Here, in contrast, the evidence supports the inference that Phillips was using the M-1 carbine to protect his possession of dilaudid while in the park.
 
 
 9
 2. Effective assistance of counsel.
 
 
 10
 Phillips next argues that he received ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), because his trial counsel failed to investigate the case properly, call certain witnesses, move for judgment of acquittal, and object to Fed.R.Evid. 404(b) evidence. "We will consider an ineffective assistance of counsel claim on direct appeal of a criminal conviction only when the record is adequate to assess the merits of the defendant's allegations." United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). In this case, the record is not adequate to assess the merits of Phillips's pertinent allegations. Therefore, Phillips should pursue his ineffective assistance claim in a post-conviction proceeding under 28 U.S.C. Sec. 2255, where he can develop an adequate record on the issue. See id.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Brown recognized the analogical importance of the fortress theory in cases such as this, where the theory is not directly applicable. Id. Under the fortress theory, a defendant may be found to have used or carried firearms in relation to a drug trafficking crime where it reasonably appears that firearms found on "premises controlled or owned by the defendant and in his actual or constructive possession are to be used to protect ... drugs [on the premises]." Id. (internal quotation omitted). Here, it reasonably appears that Phillips used the M-1 carbine to protect the dilaudid on his person