45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Lummie SANDERS, Defendant-Appellant.
 Nos. 93-4322, 94-3021.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Counts One and Three of the indictment in this case charged the appellant, Lummie Sanders, with being a felon in possession of a firearm, in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). Count Two charged Sanders with making a false statement in the acquisition of a firearm, in violation of 18 U.S.C.A. Sec. 922(a)(6) (West Supp.1994). At trial, the government sought to prove that in late 1992, Sanders, a convicted felon, pawned a firearm, redeemed the firearm, and then pawned the firearm again, and that in redeeming the firearm, Sanders falsified a Bureau of Alcohol, Tobacco, and Firearms (ATF) Form. A jury convicted Sanders on all counts. The government asked that the district court sentence Sanders under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. Sec. 924(e) (West Supp.1994), based on Sanders's three prior felony convictions. The district court declined and instead sentenced Sanders according to the United States Sentencing Guidelines.
 
 
 2
 On appeal, Sanders argues that there was insufficient evidence for conviction, that the district court should have merged the felon-in-possession convictions, and that the district court erred in calculating his offense level under the sentencing guidelines. The government cross-appeals the district court's refusal to sentence Sanders as an armed career criminal. We affirm in part, reverse in part, and remand the case to the district court.
 
 
 3
 * We first address Sanders's contention that the district court should have merged the two felon-in-possession convictions because they encompassed a single course of action. The government concedes that a person may not be convicted twice for continuous and uninterrupted possession of the same weapon. See United States v. Jones, 533 F.2d 1387, 1389-92 (6th Cir.1976), cert. denied, 431 U.S. 964 (1977). As Sanders points out, the government's theory of proof was that Sanders had constructive possession of the firearm in the pawnshop and therefore had continuous possession of the gun at all times relevant to this prosecution. We hold that under the facts of this case and the government's theory of prosecution, the felon-in-possession convictions are multiplicitous. Cf. United States v. Dudley, 779 F.Supp. 1581 (D.Kan.1991). We see no reason for a new trial, because Sanders suffered no prejudice. Moreover, Sanders does not request a new trial. Therefore, we will simply vacate the conviction upon Count Three. See United States v. Hebeka, 25 F.3d 287, 291 (6th Cir.1994) (prescribing vacation as proper remedy for multiplicitous counts).
 
 II
 
 4
 The standard for reviewing a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sanders contends that the evidence was insufficient to prove he committed the crimes alleged. This claim is based on the pawnshop owner's inability to make an in-court identification of Sanders.
 
 
 5
 We find the evidence sufficient to prove Sanders committed the crimes charged in Counts One and Two. The pawn ticket and the ATF form were signed with the name "Lummie Sanders." The physical description of the man who pawned the gun matches the description of Sanders on his driver's license. The ATF form lists the transferee's birth date as 2/25/47 and his driver's license number as PW586400, and Sanders's driver's license lists his birth date as 2/25/46 and his license number as PW506400. Also, an ATF forensic scientist testified that, based on a handwriting analysis, Lummie Sanders "is the only one that could have prepared the questioned signatures" on the pawn ticket and the ATF form.
 
 
 6
 Because we find the evidence otherwise sufficient, the fact that the pawnshop owner identified Sanders in a photo array soon after the events, but failed to identify him in court, is immaterial. See United States v. Warren, 973 F.2d 1304, 1306-08 (6th Cir.1992); United States v. Morrow, 925 F.2d 779, 781 (4th Cir.1991).
 
 III
 
 7
 Finally, Sanders assigns as error the district court's calculation of his base offense level under Sec. 2K2.1(a) of the United States Sentencing Guidelines (U.S.S.G.). Section 2K2.1(a) prescribes a heightened base offense level for felons convicted under Sec. 922(g) if a prior felony conviction was for a "crime of violence or a controlled substance offense." U.S.S.G. Sec. 2K2.1(a). Sanders contends that the district court improperly found his 1986 involuntary manslaughter conviction to be a "crime of violence."
 
 
 8
 The government cross-appeals, claiming that the district court's error was in refusing to sentence Sanders under the Armed Career Criminal Act. Section 924(e) of that Act requires imprisonment of not less than fifteen years, without parole, for a person convicted of being a felon in possession of a firearm, if that person has three prior convictions for violent felony or serious drug offenses. 18 U.S.C.A. Sec. 924(e)(1). The district court counted Sanders's 1968 robbery conviction and 1986 involuntary manslaughter conviction towards the requisite three prior convictions, but concluded that Sanders's 1972 conviction for assault with a dangerous weapon could not count as the third predicate conviction because the self-defense instruction given to the jury during the trial on that charge was constitutionally infirm.
 
 
 9
 After the district court sentenced Sanders and this appeal was filed, the United States Supreme Court ruled that the Constitution does not guarantee a defendant the opportunity to attack the validity of a prior state conviction during federal sentencing unless the prior conviction was uncounseled in violation of Gideon v. Wainwright, 372 U.S. 335 (1963). Custis v. United States, 114 S.Ct. 1732, 1733 (1994); see United States v. Smith, 36 F.3d 490 (6th Cir.1994) (applying Custis ); cf. Nichols v. United States, 114 S.Ct. 1921 (1994). We hold that because Sanders's collateral attack on his prior state court conviction for assault was based on an error in jury instructions, and not on deprivation of counsel in violation of Gideon, the district court should have counted the 1972 assault conviction in determining whether to sentence Sanders under the ACCA.
 
 
 10
 This does not end the matter, however. Sanders contends here that his conviction for involuntary manslaughter is not a conviction for a violent felony for purposes of the ACCA. The government counters that Sanders failed to raise this issue before the district court, and that he therefore has waived this issue. The district court noted that "[t]he defendant raises no objection to his 1986 conviction for involuntary manslaughter. That conviction qualifies as a violent felony under the provisions of 18 U.S.C. Sec. 924(e)." However, the district court also ruled that because of the constitutional infirmity in the 1972 assault conviction, it would not count that conviction for purposes of determining whether to sentence Sanders under the ACCA. Sanders immediately filed a supplemental memorandum, contending that without the 1972 conviction, Sanders did not have three violent felony convictions; therefore, Sanders argued, the ACCA was not applicable, and the sentence should be calculated under the Sentencing Guidelines. It was in this context, relative to the issue of enhancement under U.S.S.G. Sec. 2K2.1(a), that Sanders argued that involuntary manslaughter is not a "crime of violence," and thus the enhancement should not apply. Under these circumstances, we think that Sanders ought not to be held to have waived his right to argue that involuntary manslaughter is not a violent felony.
 
 
 11
 Although a "violent felony" in 18 U.S.C.A. Sec. 924(e)(2)(B) and a "crime of violence" for purposes of U.S.S.G. Sec. 2K2.1 are very similar, they are not identical.[1] This circuit has not explicitly ruled on the issue of whether involuntary manslaughter is a violent felony for purposes of the ACCA, and we express no opinion on the issue here. The district court in this case gave no explanation and cited no authority in support of its holding on the issue. Inasmuch as we have determined that the district court is required to consider the 1972 assault conviction in determining whether to sentence Sanders under the ACCA, it now becomes critical for that court to address specifically the involuntary manslaughter issue in order to determine whether Sanders may be found to be an armed career criminal.
 
 IV
 
 12
 Based on the foregoing, we AFFIRM the convictions on Counts One and Two, VACATE the conviction upon Count Three, VACATE the sentence, and REMAND to the district court for a ruling on the issue of whether involuntary manslaughter is a violent felony for purposes of the Armed Career Criminal Act, and for resentencing consistent with this opinion.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Application note 5 to Sec. 2K2.1 provides that "crime of violence" is defined in Sec. 4B1.2. U.S.S.G. Sec. 2K2.1, comment. (n. 5). Application note 2 to Sec. 4B1.2 provides "[u]nder this section, the conduct of which the defendant was convicted is the focus of inquiry." U.S.S.G. Sec. 4B1.2, comment. (n. 2). However, although the language in the definitions of "violent felony" in 18 U.S.C.A. Sec. 924(e)(2)(B) and "crime of violence" in U.S.S.G. Sec. 4B1.2 are identical, the Supreme Court has expressly directed that in determining whether a prior conviction was for a "violent felony" under 18 U.S.C.A. Sec. 924(e), courts are not to look to the conduct of which the defendant was convicted, but must look instead to the language of the criminal statute. Taylor v. United States, 495 U.S. 575, 600-02 (1990); United States v. Kaplansky, No. 92-3744, 1994 WL 670691, at * 2 (6th Cir. Dec. 2, 1994)