72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee STAPLETON, Defendant-Appellant.
 No. 95-1439.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 Before: BROWN, NELSON and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Ronald Lee Stapleton, a federal prisoner, appeals his conviction and sentence for conspiracy to manufacture methcathinone in violation of 21 U.S.C. Sec. 846. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stapleton and two codefendants were indicted on one count of conspiracy to manufacture methcathinone in violation of 21 U.S.C. Sec. 846, three counts of possession of various listed chemicals with the intent to manufacture methcathinone in violation of 21 U.S.C. Sec. 841(d), and one count of attempt to manufacture methcathinone in violation of 21 U.S.C. Sec. 846. On November 30, 1994, he pleaded guilty to the conspiracy count. The written plea agreement provided, inter alia, that at least 150,000 25-milligram ephedrine pills were attributable to Stapleton for sentencing purposes and that he was entitled to a three-level decrease for acceptance of responsibility. An additional agreement, presented to the district court at sentencing, stipulated a base offense level of 30 and a four-level enhancement for Stapleton's role in the offense. The district court accepted these stipulations and, in a judgment imposed on March 29 and entered on March 30, 1995, sentenced Stapleton to 156 months in prison, five years of supervised release, and a $3,000 fine.
 
 
 3
 Stapleton's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Stapleton had no meritorious issues to appeal, he raised the issue of excessive sentence. Stapleton was notified of his right to file a response to counsel's motion and brief; however, none has been received by this court.
 
 
 4
 Upon review, we permit counsel to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the alleged error identified by counsel is without merit.
 
 
 5
 In his Anders brief, counsel raised the issue that the sentence imposed was excessive and that it violated the Eighth Amendment's prohibition against cruel and unusual punishment. Despite the general rule disfavoring review of sentences within the correct guideline range, the appellate court may review such a sentence if the defendant, as here, challenges the constitutionality of the sentence. See United States v. Nichols, 979 F.2d 402, 409 (6th Cir.1992), aff'd, 114 S.Ct. 1921 (1994). In this case, however, the challenge is completely meritless. The Eighth Amendment does not require strict proportionality between a defendant's sentence and the crime committed. United States v. Warren, 973 F.2d 1304, 1311 (6th Cir.1992). Rather, to be unconstitutional, the sentence must be grossly disproportionate to the crime. Id. Such is clearly not the case here. Finally, Stapleton waived his sentencing issue by not raising it before the district court at his sentencing proceeding. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993).
 
 
 6
 We have reviewed the record for other appealable issues, and have found none. An examination of the transcript of Stapleton's plea proceeding establishes that the plea was knowingly, voluntarily, and intelligently entered. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). A review of the sentencing transcript shows that the district court complied with Fed.R.Crim.P. 32 in imposing sentence.
 
 
 7
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on March 30, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.