**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Verma Dell POWELL, Defendant–
Appellant.**

No. 99–6142.

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2001.

Before BOGGS and CLAY, Circuit Judges, and ROBERTS,* District Judge.

CLAY, Circuit Judge.

Defendant, Verma Dell Powell, appeals from the district court order sentencing Defendant to eighteen years of imprisonment for his conviction under 21 U.S.C. § 841(a)(1), for possession with intent to distribute cocaine. We **AFFIRM.**

**BACKGROUND**

On June 15, 1998, a jury found Defendant guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). Prior to jury delibera-

* The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan, sitting by designation.

tions, Defendant moved for a mistrial based on the trial court's *sua sponte* decision to excuse one juror on grounds that the juror's mother would be undergoing surgery. The motion was denied. Following fifteen minutes of deliberation, the jury returned a guilty verdict. On July 20, 1999, Defendant was sentenced to eighteen years of imprisonment. Defendant filed a timely notice of appeal on July 20, 1999.[1]

The event leading to Defendant's conviction began with Eric Edwards's arrest on December 10, 1996, in connection with an outstanding indictment charging Edwards with conspiring to distribute cocaine. Edwards agreed to cooperate with law enforcement agents by recording conversations with his cocaine suppliers. On December 16, 1996, Edwards recorded a telephone call with Defendant in which arrangements were made for Defendant to sell cocaine to Edwards. Prior to the telephone call, Edwards had purchased one to two kilograms of cocaine from Defendant on approximately ten to fifteen occasions.

On December 18, 1996, Edwards met Defendant at a shopping mall in Knoxville, Tennessee. After a brief conversation at the mall, Edwards and Defendant traveled in separate vehicles to a Days Inn Motel, approximately ten minutes away by car. Shortly after the arrival at the motel parking lot, Defendant exited his vehicle and was observed holding a plastic bag while standing beside the opened rear trunk of his vehicle. The bag contained two kilograms of cocaine. Defendant handed the bag to Edwards, at which time Defendant was arrested. After his arrest and after being advised of his *Miranda* rights, De-

fendant stated that the cocaine belonged to him.

During *voir dire*, the district court estimated that the case would take approximately one day to try. The court asked the venire if anyone would have a problem sitting as a juror for that period of time. The court then indicated that the trial might extend into a second day. No juror indicated having any problem with the court's estimated time frame. All evidence was presented, and the jury was charged on June 15, 1998. At the conclusion of the jury charge, the court excused one juror, who was paged by her husband during that afternoon of trial, only to find out that her mother would have heart surgery the following morning. Originally, the surgery was not scheduled to occur until June 17, 1998. Defense counsel objected to the court's *sua sponte* decision to excuse the juror. The court invited defense counsel to demonstrate any prejudice that Defendant would suffer from the court's action. Defense counsel replied:

> There's nothing from [the juror's] voir dire examination that there was a reason that she could not participate in these deliberations. She at no time mentioned ... that [if] this case [was] going to go into the week, [she was] going to have a problem because ... her mother [was] having open heart surgery. I feel like the defense has been ambushed with respect to excusing her. I object ... I feel we have been prejudiced. I respectfully ask for a mistrial.

(J.A at 74.) The court denied defense counsel's motion for mistrial.

1. On March 9, 2001, this Court denied Defendant's motion to file a supplemental brief, which would have raised a Sixth Amendment ineffective assistance of counsel claim unrelated to the district court's juror substitution. As a general rule, a defendant may not raise an ineffective assistance of counsel claim for the first time on direct appeal because there has not been an opportunity to fully develop record evidence bearing on the merits of the allegations. *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir.1990).

## DISCUSSION

This Court reviews a trial court's decision not to grant a mistrial for abuse of discretion. *United States v. Atisha*, 804 F.2d 920, 926 (6th. Cir.1986). A defendant claiming to be injured by the replacement of a juror is entitled to a new trial only upon a clear showing of prejudice. *United States v. Warren*, 973 F.2d 1304, 1308 (6th Cir.1992).

Federal Rule of Criminal Procedure 24(c) states: "An alternate juror, in the order called, shall replace a juror who becomes or is found to be unable or disqualified to perform juror duties." "[T]he substitution of an alternate juror for a regular juror for reasonable cause is within the prerogatives of the trial court and does not require the consent of any party." *Warren*, 973 F.2d at 1308–09.

At trial, Defendant admitted committing the charged cocaine offense, but argued entrapment. Defendant argues that he was prejudiced by the substitution for the excused juror because he had previously relied on that juror's failure to communicate any inability to serve as a juror throughout the trial. Defendant cites no authority in support of finding prejudice and an abuse of discretion in this case. Conversely, the government cites the following cases in support of not finding prejudice or an abuse of discretion: *Warren*, 973 F.2d at 1308–09 (defendant failed to show prejudice where court replaced juror who had to appear in state court to answer certain charges); *United States v. Shelton*, 669 F.2d 446, 460 (7th Cir.1982) (district court did not abuse its discretion by dismissing juror who had not realized that she would be obligated to be in court from 9 a.m to 5 p.m., and whose niece would be visiting from out of town during the trial); *United States v. Dominguez*, 615 F.2d 1093, 1095–96 (5th Cir.1980) (district court did not abuse its discretion by dismissing

juror due to the illness of the juror's mother).

We find that Defendant's generalized reliance on the excused juror's ability to serve as a juror, without more, does not give rise to prejudice. Defendant offers no argument as to why his reliance on the excused juror's ability to serve as a juror throughout the trial was any greater than any criminal defendant's reliance on any juror to serve throughout any criminal trial. Accordingly, under *Warren*, the district court did not abuse its discretion when substituting for the excused juror and subsequently denying Defendant's motion for mistrial.

## CONCLUSION

We **AFFIRM** the district court order sentencing Defendant to eighteen years of imprisonment for his conviction under 21 U.S.C. § 841(a)(1).