NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0300n.06
Filed: April 22, 2009

No. 07-2464

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

HUSSEIN GERALD HILL,

     Defendant-Appellant.

_____/

On appeal from the United States District Court for the Eastern District of Michigan

BEFORE:    RYAN, GIBBONS, and SUTTON, Circuit Judges.

     RYAN, Circuit Judge.    Hussein Gerald Hill appeals from the sentence he received after pleading guilty in federal district court to one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1). For reasons set forth below, we dismiss this appeal.

**I.**

     On July 12, 2005, a federal grand jury returned an indictment against Hill (case 05-CR-80636), charging him with: conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count Four).

Hill entered into a Rule 11 plea agreement, whereby he agreed to plead guilty to Count One of the indictment and the government would dismiss Counts Two and Four. The parties agreed to a sentencing range of 30 to 37 months' imprisonment. The agreement required Hill to provide substantial assistance in the investigation and prosecution of others involved in criminal activities. The agreement also stated:

> It is exclusively within the government's discretion to determine whether defendant has provided substantial assistance. Upon the government's determination that defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate, or, **if deemed yet more appropriate, will simply seek to dismiss Count Three of the indictment as it relates to defendant at sentencing, which charges a violation of Title 18, United States Code, Section 942(c) [sic] and mandates the imposition of a 5 year minimum, consecutive, term of imprisonment upon conviction.**

The plea agreement also contained a waiver of appeal provision, stating: "If the sentence imposed falls within, or below, the guideline range [as noted in this agreement] . . . defendant waives any right to appeal his conviction or sentence."

On November 14, 2006, the district court accepted the plea agreement. On December 15, 2006, police arrested Hill on a federal counterfeiting offense. An indictment followed (case 07-CR-20012), charging Hill with: manufacturing counterfeit obligations, in violation of 18 U.S.C. § 471 (Count One); and felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Two). The government offered Hill a plea agreement for case 07-20012, offering to dismiss Count Three in case 05-80636—the § 924(c) charge that carried a statutorily mandated five year sentence—if Hill pleaded guilty

to Counts One and Two in the counterfeit case (07-20012) and served a 37 to 46 month sentence consecutive to the drug case (05-80636) sentence.

On April 24, 2007, Hill informed the court that he rejected the plea offer for case 07-20012. Additionally, Hill moved to withdraw his earlier guilty plea to Count One in case 05-80636. Hill argued that he had "a meritorious defense to the drug and gun charges, that he is innocent of the charges," and that "[f]ear and inexperience drove his decision to plead guilty." Hill also noted that the government indicated that if he did not accept the plea for case 07-20012, it would proceed to trial on the remaining count in the original indictment, namely, Count Three, the § 924(c) charge.

The district court denied Hill's motion to withdraw. On July 31, 2007, a jury trial commenced in case 05-80636 for Count Three, the § 924(c) charge. Before jury selection, Hill, representing himself, objected to the government moving forward on the trial, because, according to Hill, it represented a breach of the plea agreement. The government responded that, under the terms of the agreement, it retained discretion to move forward on Count Three. Moreover, Hill failed to provide substantial assistance because he became "useless" as a potential witness due to his subsequent counterfeit indictment. The district court held that the government could proceed with the trial, and a jury found Hill guilty on Count Three, the § 924(c) charge.

In case 07-20012, Hill pleaded guilty, without a plea agreement, to Count One (the counterfeit charge), and proceeded to a bench trial on Count Two (the ammunition charge), where the district court found him not guilty.

The district court held one sentencing hearing for cases 05-80636 and 07-20012. The district court sentenced Hill to: 33 months' imprisonment for Count One in case 05-

80636, as contemplated in the plea agreement; a mandatory consecutive five years' imprisonment for Count Three in case 05-80636; and 33 months' imprisonment for Count One in case 07-20012, to be served concurrently with the 33 month sentence imposed in 05-80636.

Hill now appeals from case 05-80636.

## II.

Hill argues that the government failed to make adequate substantial assistance findings to support its refusal to either move for a U.S.S.G. § 5K1.1 downward departure or dismiss Count Three in Hill's indictment, as set out in the Rule 11 plea agreement. Additionally, Hill argues that "[t]he government attempted to deprive [him] of his constitutional right to trial by making its compliance with the provisions of the Rule 11 Plea Agreement in one case dependent upon [his] agreement to sacrifice his Sixth Amendment right to trial in another case."

We review whether a defendant waived his right to appeal his sentence in a valid plea agreement de novo. United States v. Murdock, 398 F.3d 491, 496 (6th Cir. 2005). The plea agreement's content and the parties' agreements are questions of fact that we review for clear error. United States v. Lukse, 286 F.3d 906, 909 (6th Cir. 2002).

Because plea agreements are contractual in nature, they are interpreted according to traditional principles of contract law. Id. The government is not required to present formal findings on its assessment of whether substantial assistance has been rendered; a "simple denial of the value of such assistance in open court" may suffice. Id. at 912. In plea agreements where the government reserves unilateral discretion to determine the appropriateness of a § 5K1.1 motion or other reductions, we "may only review the

government's refusal to file the motion to determine whether its decision was based on unconstitutional motives." Id. at 909.

A criminal defendant "may waive [his] right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." United States v. Swanberg, 370 F.3d 622, 625 (6th Cir. 2004). Hill's plea agreement states that if his sentence for Count One falls between 30 and 37 months' imprisonment, Hill "waives any right to appeal his conviction or sentence." The district court accepted Hill's plea as knowingly and voluntarily made, a fact Hill does not dispute on appeal. The district court sentenced Hill on Count One to 33 months' imprisonment. Therefore, pursuant to the terms of the valid plea agreement, Hill waived his right to appeal his sentence. While Hill did not waive his right to challenge his conviction on Count Three in case 05-80636, he presents an argument for Count One only. We therefore dismiss Hill's appeal based on his valid waiver. See United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005).

Even assuming arguendo that we could entertain Hill's appeal, we are limited to reviewing the government's discretionary decision for unconstitutional motives. The only constitutional issue raised by Hill on appeal is that the government violated his Sixth Amendment right to a jury trial for his counterfeit case, 07-20012, which is not the case before us today.

The government twice provided adequate findings as to its decision to not move for a § 5K1.1 departure or dismiss Count Three. During Hill's motion to withdraw his plea and again at the beginning of Hill's trial on Count Three, the government stated that Hill's subsequent arrest on the counterfeit charge "effectively nullifie[d] his efforts" and made him "useless" as a potential witness. The plain language of the plea agreement allowed the

government to unilaterality determine Hill's substantial assistance.  Nothing in the plea agreement obligated the government to dismiss Count Three and there always remained a possibility that the government could go forward with prosecution on that count.  Hill fails to demonstrate any unconstitutional motive on the part of the government or any error on the part of the district court.

### III.

For the foregoing reasons, we **DISMISS** this appeal.