**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0108n.06

No. 09-1137

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 18, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **EUGENE PHILLIP LeCLEAR,** | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

**BEFORE:** **MERRITT, COLE, and COOK, Circuit Judges.**

**MERRITT, Circuit Judge.** Pursuant to a written plea agreement, appellant, Eugene LeClear, pled guilty to being a felon in possession of a firearm and was sentenced to 180 months incarceration under a mandatory minimum statute, 18 U.S.C. § 924(e)(1) (an instant offense under § 922(g) plus "three previous convictions . . . for a violent felony or a serious drug offense . . ." requires a minimum sentence of fifteen years). LeClear appeals his sentence claiming that the government acted in bad faith by failing to file a § 3553(e) motion to reduce his sentence for substantial assistance. He also argues that the length of his sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. We find these claims to be meritless and AFFIRM his sentence.

On March 26, 2008, LeClear was arrested for his involvement in an armed robbery and home invasion. When executing a search warrant at LeClear's home, police found a 12-gauge shotgun under the cushions of his couch. On August 7, 2008, LeClear was indicted by a grand jury in the Western District of Michigan for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to a written plea agreement, LeClear pled guilty and was thereafter sentenced to 180 months incarceration. LeClear timely appealed his sentence.

LeClear claims the government's decision not to file a § 3553(e) substantial assistance motion for reduction of his sentence constituted a bad faith breach of the plea agreement. LeClear alleges that he provided substantial assistance following his arrest and prior to his plea. The government claims that his assistance was not substantial. We have previously held that in such cases the government need only make "simple denial of the value of such assistance in open court." *United States v. Lukse*, 286 F.3d 906, 912 (6th Cir. 2002).

When, as is undisputed here, the government's plea agreement refers to the possibility of a § 5K1.1 motion but ultimately reserves unilateral discretion to determine whether the motion is appropriate, "courts may only review the government's refusal to file the motion to determine whether its decision was based on unconstitutional motives." *Id.* at 909; *see also United States v. Hill*, 323 F. App'x 434, 436 (6th Cir. 2009). Consequently, we review the government's refusal for unconstitutional motives only. As LeClear acknowledges in his brief, there is nothing in the record to suggest an unconstitutional motive on the part of the government, so LeClear has not met this standard.

LeClear's second claim is that his fifteen-year sentence is so disproportionate as to violate the Eighth Amendment's prohibition on cruel and unusual punishment. Because LeClear failed to raise this challenge at his sentencing hearing, his claim is not cognizable on appeal. *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

Even assuming this issue were properly before this court, it is entirely without merit. LeClear received the minimum sentence permissible under the Armed Career Criminal Act, a sentencing statute we have held is not cruel and unusual. *See United States v. Warren*, 973 F.2d 1304, 1311 (6th Cir. 1992); *United States v. Pedigo*, 879 F.2d 1315, 1320 (6th Cir. 1989). Moreover, this Court "will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without the possibility of parole." *Organek*, 65 F.3d at 63 (quoting *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995)).

Accordingly, LeClear's sentence is AFFIRMED.